**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| Wei Han, ) | |
| ) | |
| Plaintiff, ) | Case No.: 1:23-cv-04813 |
| v. ) | |
| ) | Hon. Judge Manish S. Shah |
| Does 1-89, ) | |
| ) | Mag. Judge Jeffrey Cole |
| Defendants. ) | |

**Motion to Set Briefing Schedule**

**NOW COME** Mogxido, Prepared Hero, A+ SAFETY, kingsecu, LEISURELIFES, linejimjim, Yiwu Muxi, and Timing ("Defendants"), by and through their undersigned counsel, and hereby respectfully request that this Court set a briefing schedule on Plaintiff's Motion for Entry of Preliminary Injunction, and in support state as follows:

1. Plaintiff filed its Complaint on July 25, 2023, alleging that Defendants infringed Plaintiff's design patent. [Dkt. 1].

2. On August 28, 2023, Plaintiff filed an *ex parte* motion for entry of a temporary restraining order, which the Court granted on August 31, 2023. [Dkt. 8, 12].

3. On September 22, 2023, Plaintiff filed its Motion for Entry of a Preliminary Injunction. [Dkt. 22, 23].

4. The Wei Han Declaration remains sealed. [Dkt. 9]. Judicial proceedings held, and evidence taken, on the way to a final decision are presumptively in the public domain. *See*, Matter of Cont'l Illinois Sec. Litig., 732 F.2d 1302 (7th Cir. 1984). Defendants have a particular interest in the evidence upon which the Court granted Plaintiff its TRO and moreover, the public has a legitimate interest in this legal proceeding's record. Brown & Williamson Tobacco Corp. v. F.T.C., 710 F.2d 1165, 1179 (6th Cir. 1983) (The "natural desire of parties to shield prejudicial

information contained in judicial records from competitors and the public" is insufficient to justify seal where public access would not reveal legitimate trade secrets); Pepsico, Inc. v. Redmond, 46 F.3d 29 (7th Cir. 1995).

5. Undersigned counsel have just been retained, and Defendants need to review and confirm the exact basis for Plaintiff's claims against each of them in order to appreciably oppose Plaintiff's motion for entry of a preliminary injunction.

6. Meritorious arguments would apply, including the vulnerability of Plaintiff's design patent in light of long-sold antedating fire extinguishers[1] and the imbalance of harms associated with Rule 65 relief against Defendants under the circumstances.

7. Defendants need a short time to respond to Plaintiff's motion, along with the evidence Plaintiff purports to have supporting the extraordinary relief under Rule 65.

**WHEREFORE**, Defendants respectfully request that:

A. The Wei Han Declaration be unsealed, or that the evidence files regarding each of the Defendants be turned over by Plaintiff; and

B. Defendants be allowed until October 4, 2023, to respond to Plaintiff's Motion for Entry of Preliminary Injunction.

Dated: September 27, 2023

Respectfully Submitted,

/s/Adam E. Urbanczyk
Adam E. Urbanczyk
AU LLC
444 W. Lake St. 17th Floor
Chicago, IL 60606
(312) 715-7312
adamu@au-llc.com
*Counsel for Defendants*

---

[1] https://m.alibaba.com/product/1600316843458/550ml-water-base-car-fire-extinguisher.html