UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WEI HAN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>LEISURELIFES, MOGXIDO, TIMEING, YIWU MUXI, KINGSECU, and LINEJIMJIM,<br><br>　　　　Defendants. | No. 23 CV 4813<br><br>Judge Manish S. Shah |

## ORDER

Defendants' motion for injunction bond damages [39], is granted in part. Defendants must submit to some discovery and provide additional evidence to calculate the harm suffered by each defendant separately. A status hearing to decide what discovery will be allowed, and on what schedule, is set for August 1, 2024 at 9:30 a.m. in Courtroom 1919.

## STATEMENT

I entered an ex parte TRO restraining defendants from selling certain products and freezing their assets. [12].[1] I converted the TRO to a preliminary injunction, except against certain defendants who entered appearances and were prepared to contest the injunction. [28]; [29]. Before the parties fully briefed the contested portion of the motion for a preliminary injunction (and before the defendants filed an answer to the complaint), plaintiff voluntarily dismissed the case. [28] (setting deadlines); [37] (notice of voluntary dismissal); *see also* Fed. R. Civ. P. 41(a)(1)(A)(i).

Some of the defendants who had been restrained by the TRO now move for damages under Federal Rule of Civil Procedure 65(c). "A party injured by an erroneous preliminary injunction is entitled to be made whole." *Roche Diagnostics Corp. v. Med. Automation Sys., Inc.*, 646 F.3d 424, 428 (7th Cir. 2011).[2]

---

[1] Bracketed numbers refer to entries on the district court docket. Page numbers are taken from the CM/ECF header placed at the top of filings.

[2] Because Rule 65(c), like Fed. R. Civ. P. 54(d), is a procedural rule not unique to patent law, the Federal Circuit would apply the law of the regional circuit. *See Int'l Game Tech. v. WMS Gaming, Inc.*, 217 F.3d 850 & n.1 (Fed. Cir. 1999) (unpublished).

Defendants are prevailing parties under Federal Rule of Civil Procedure 54(d). *First Commodity Traders, Inc. v. Heinold Commodities, Inc.*, 766 F.2d 1007, 1015 (7th Cir. 1985) (even where dismissal is voluntary and without prejudice, the defendant is the prevailing party). Rule 65(c)'s text doesn't require prevailing party status, and the court of appeals has noted that both Rules 54(d) and 65(c) set principles of preference to guide a district court's discretion. *Coyne-Delany Co. v. Cap. Dev. Bd. of State of Ill.*, 717 F.2d 385, 391–92 (7th Cir. 1983). As applicable here, I conclude that not only were defendants prevailing in the Rule 54(d) sense, but they were wrongfully enjoined and injured by the TRO—which is enough to require plaintiff to pay damages under Rule 65(c).

The TRO restrained defendants' accounts and online sales platforms for 28 days. *See* [12] (initial 14-day TRO); [16] (14-day extension). Plaintiff does not dispute that the TRO stopped defendants from selling the accused products on Amazon and does not dispute that the effect of the asset restraint was to prevent defendants from operating their businesses in the ordinary course.

Although plaintiff's patent has not been invalidated, and I was persuaded by plaintiff's ex parte filings to issue the TRO, that does not mean that the injunction was proper. Plaintiff conceded its case in defendants' favor by voluntarily dismissing it, and defendants offer adequately compelling evidence that their products had been on sale before plaintiff received the patent (without any disclosure to the patent office). Therefore, either the products were not infringing at all, or they fell within the claims and were prior art that invalidates the patent. That is enough to convince me that I should not have enjoined defendants. The extraordinary relief of an ex parte TRO was improper, and damaged defendants by interfering with their businesses.

But I am not persuaded that the declaration from an administrator who purports to run each defendant's store sufficiently supports the claimed damages. The declaration does not explain why the sales attributable to each defendant for a period time is a reliable expectation of a steady rate that can be extrapolated to cover the period of the restraint. And if defendants are collectively owned and there were other (not restrained) storefronts who picked up the slack in sales, then perhaps there was no harm at all. Further explanation is necessary to calculate the harm caused by the wrongful restraint, and defendants should submit to discovery and supplement their evidence. Mathematical certainty is not required, but I can't tell whether defendants' estimate is even in the ballpark.

ENTER:

Date: July 15, 2024

Manish S. Shah
U.S. District Judge

2